# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** | 23-15930

**Case Name** | Tamara Wareka p/k/a Tamara Williams v. Trusper Inc. et al.

**Counsel submitting this form** | Ryan E. Carreon

**Represented party/parties** | Appellant Tamara Wareka p/k/a Tamara Williams

*Briefly describe the dispute that gave rise to this lawsuit.*

This matter arises out of a copyright infringement case brought by Tamara Wareka p/k/a Tamara Williams ("Wareka") against Trusper Inc. d/b/a Musely ("Trusper"). Wareka is the owner and rights holder to a photograph of model Jenni Mulder ("Mulder Photograph"). Trusper formerly operated the Musely Marketplace, an online platform that allowed third-party merchants to host their own "shops" and engage in commerce. One such merchant was a business called Mai Couture. In April 2020, Wareka discovered the Mulder Photograph being used on the Mai Couture Instagram page "maicouture" in a post dated March 19, 2018 ("Mai Couture Post"). Subsequently, Warkea's agent contacted Mai Couture and entered into a settlement agreement ("Prior Settlement Agreement"). As part of the Prior Settlement Agreement, Wareka agreed to release "all claims related to the Image" as against Mai Couture and "all those acting in concert or participation with them or under their direction or control." The Prior Settlement Agreement did not specifically name any parties other than Mai Couture. The Prior Settlement Agreement also contained an exclusive venue and choice of law provision stating that any action for breach would be brought exclusively in New York and should be interpreted according to the laws of New York. Around that same time, Warkea also discovered the Mulder Photograph being used on the Trusper controlled Instagram and Facebook pages for the Musely Platform in posts dated July 19, 2019 ("Musely Posts"). The Musely Posts were created over one year after the Mai Couture Post. In February of 2022, Wareka's agent again reached to Mai Couture to confirm that Mai Couture did not provide the Mulder Photograph to Trusper or otherwise access or post the Mulder Photograph on the social media pages for the Musely Platform. Tran responded that "[w]e did not provide [the] image nor access Musely's account." Trusper subsequently filed a counterclaim against Wareka alleging that Wareka had breached the Prior Settlement Agreement by suing Trusper. Trusper alleged that its sole contract damages were attorneys' fees it had incurred in defending the lawsuit.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**      *Rev. 9/01/22*

*Briefly describe the result below and the main issues on appeal.*

Wareka filed a motion to dismiss arguing (1) that Trusper was not a third-party beneficiary to the Prior Settlement Agreement; (2) that under both California and New York law "attorney's fees" are not legally cognizable damages for a breach of contract; and (3) that Trusper could not demonstrate a breach because the Musely Post was independently created by Trusper and not "in concert and participation" with Mai Couture. The Court denied Wareka's motion and focused on the "attorney's fees as damages argument" acknowledging that multiple California appellate courts have held that attorney's fees cannot be recovered as damages, but finding that these decisions were not binding because there was "convincing evidence" that the California Supreme Court would decide the issue differently. In its Order the Court did not address the choice of law provision stating that the Prior Settlement Agreement was to be governed by New York law, nor did it address the New York authority provided by Wareka that attorney's fees cannot be recovered as damages. Subsequently, Trusper filed a Motion for Summary Judgment solely on the issue that Trusper created the Musely Post "in concert and participation" with Mai Couture and therefore was released under the Prior Settlement Agreement. Trusper's motion did not discuss any of the elements of its brech Counterclaim. Wareka opposed citing to evidence in the record wherein Mai Couture's CEO stated that she never gave Trusper the Mulder Photograph and never had access to Trusper's social media accounts. Subsequently, the Court granted summary judgment in favor of Trusper on the entirety of Wareka's infringement claim and Trusper's Counterclaim for breach. The issue on appeal is whether the Court correctly denied the motion to dismiss and whether the Court corrected granted summary judgment for Trusper on the entirety of its claim.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

No other proceedings remain below.

**Signature** /s/Ryan E. Carreon **Date** June 29, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** Rev. 9/01/22